IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:03cr17WJG
CIVIL ACTION NO. 1:04cv591WJG

SHARON EUBANKS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Sharon Eubanks' motion to vacate, set-aside or correct sentence [25-1] and supplement [36-1] thereto pursuant to 28 U.S.C. § 2255.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On July 22, 2003, Eubanks pleaded guilty to one count of fraud and swindle, *i.e.* mail fraud, in violation of 18 U.S.C. § 1341, carrying a maximum term of imprisonment of 20 years.  As part of her negotiated plea agreement, Eubanks waived her right to appeal the conviction/sentence or the manner in which it was imposed.  In addition, she waived her right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion.  On December 5, 2003, Eubanks was sentenced to 35 months imprisonment, 36 months supervised release, $493,312.19 restitution and the $100.00 special assessment.  On December 19, 2003, the Court entered its Judgment of conviction.

Eubanks did not file an appeal, but on June 29, 2004, Eubanks filed the instant motion, seeking to vacate her sentence based on the assertions that (1) her age and health did not warrant

her sentence; (2) some of the money she defrauded from her investors was paid back but not deducted from her restitution because the receipts were lost in the court system; and (3) she signed the plea agreement in order to get house arrest, never knowing that prison time was a possibility prior to sentencing.  (Ct. R., Doc. 25.)  On December 2, 2004, Eubanks filed a motion to replace her previously filed section 2255 motion with a different motion.  The Court denied Eubanks' motion to replace.  On March 7, 2005, Eubanks filed a second section 2255 motion, which this Court will address separately.  On June 21, 2005, Eubanks filed a supplement to her original section 2255 motion, wherein she expounded on the ineffective assistance of counsel and the application of *United States v. Booker,* 125 S. Ct. 738 (2005), *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).  (Ct. R., Doc. 36.)

As noted above, Eubanks entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of her right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 14, ¶ 15.)  A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994). The record clearly indicates that the Court explained the effect of the plea agreement and its waiver to Eubanks and that Eubanks understood and voluntarily entered into the plea agreement. (Ct. R., Doc. 27, pp. 13-16.)

Even discounting the waiver, Eubanks' allegation that her sentencing was inappropriate given her age and health does not reflect an error of constitutional or jurisdictional magnitude, a sentence in excess of the statutory maximum of 20 years or any error of fact or law of a

fundamental character that would render the entire proceeding irregular and invalid.  *See U.S. v. Addonizio*, 442 U.S. 178, 185-86 (1979).  Consequently, Eubanks' claim does not merit collateral review.

Eubanks' argument pursuant to *Booker, Blakely* and *Apprendi* that her sentence and restitution was inappropriately increased due to the Court's failure to consider money returned to the defrauded investors is without merit.  The Fifth Circuit has expressly addressed consideration of *Booker, Blakely* and *Apprendi* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court.  The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.*  The same is true with respect to *Apprendi* and *Blakely*.  In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review."  125 S.Ct. at 769 (emphasis added).  The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule.  *Tyler,* 533 U.S. at 666, 121 S.Ct. 2478.  To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review.  *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see U.S. v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial section 2255 motions).  Simply put, *Booker, Blakely* and *Apprendi* are not retroactively applicable on collateral review, and Eubank's arguments to the contrary are without merit.  Further, Eubanks' argument does not present the type of error necessary to sustain collateral review.  *See Addonizio*, 442 U.S. at 185-86.

Finally, Eubanks' instant motion may be read to assert that her representation was ineffective because counsel failed to inform her that she could be sentenced to prison and that she would not have plead guilty had she known she could go to jail rather than simply get house arrest. Thus, this Court will examine whether Eubanks was aware that she could be sentenced to time in prison. The evidence of her knowledge is abundant.

First, the Memorandum of Understanding [MOU] plainly states that the penalty that may be imposed is not more than 20 years in prison. (Ct. R., Doc. 14, ¶ 7.) Second, the Court plainly asked Eubanks at her plea hearing if she fully realized that the Court could sentence her to imprisonment not to exceed 20 years, to which Eubanks responded, "Yes, sir." (Ct. R., Doc. 27, p. 12.) Third, the Court made certain that Eubanks read, discussed with counsel and signed the MOU. (Ct. R., Doc. 27, pp. 13-15.) Fourth, the Court confirmed that no one had made promises or side agreements with Eubanks that were not in the MOU. (Ct. R., Doc. 27, pp. 14-15.) Fifth, the Court again explained to Eubanks that he could sentence her to the statutory maximum prison term. (Ct. R., Doc. 27, p. 15.) Finally, the record is devoid of any evidence that Eubanks was not aware or was mislead about the penalty she faced.

Eubanks clearly knew the case against her and the penalty she faced. Eubanks has failed to present any evidence that her plea was anything but voluntary and fully informed. The Court finds that Eubanks has failed to show that her attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 870 L.Ed.2d 674 (1984). Consequently, the Court finds that Eubanks' motions to vacate [25-1; 36-1] pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that Eubanks' motion to vacate [25-1] and supplement [36-1] thereto be, and are hereby, denied.  It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 22nd day of February, 2006.

                                         *Walter J. Gex III*
                              UNITED STATES SENIOR DISTRICT JUDGE