IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:03cr17WJG
CIVIL ACTION NO. 1:05cv116WJG

SHARON EUBANKS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Sharon Eubanks' second motion to vacate, set-aside or correct sentence [31-1] pursuant to 28 U.S.C. § 2255.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On July 22, 2003, Eubanks pleaded guilty to one count of fraud and swindle, *i.e.* mail fraud, in violation of 18 U.S.C. § 1341, carrying a maximum term of imprisonment of 20 years. As part of her negotiated plea agreement, Eubanks waived her right to appeal the conviction/sentence or the manner in which it was imposed.  In addition, she waived her right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion.  On December 5, 2003, Eubanks was sentenced to 35 months imprisonment, 36 months supervised release, $493,312.19 restitution and the $100.00 special assessment.  On December 19, 2003, the Court entered its Judgment of conviction.

Eubanks did not file an appeal, but on June 29, 2004, Eubanks filed her first section 2255 motion, which has been denied by this Court.  On March 7, 2005, Eubanks filed her second

section 2255 motion, seeking to have her sentence vacated based on *United States v. Booker,* 125 S. Ct. 738 (2005), *Blakely v. Washington,* 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). (Ct. R., Doc. 31.)

Eubanks' first section 2255 motion and supplement thereto asserted the very arguments she raises in the instant motion. (Ct. R., Docs. 25 and 36.) The Court has previously addressed the retroactive applicability on collateral review of *Booker*, *Blakely* and *Apprendi* in its prior Memorandum Opinion and Order denying Eubanks first section 2255 motion and supplement thereto. The Court finds that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Additionally, Eubanks did not petition the Fifth Circuit to certify the instant motion as required by 28 U.S.C. § 2255. Consequently, the Court finds that Eubanks' motion should be denied.

Even discounting the dictates of 28 U.S.C. § 2255, Eubanks entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of her right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding. (Ct. R., Doc. 14, ¶ 15.) A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief. *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994). The record clearly indicates that the Court explained the effect of the plea agreement and its waiver to Eubanks and that Eubanks understood and voluntarily entered into the plea agreement. (Ct. R., Doc. 27, pp. 13-16.)

Even discounting the waiver, the Fifth Circuit has squarely held that *Booker, Blakely* and *Apprendi* are not retroactively applicable on collateral review. *U.S. v. Gentry*, 432 F.3d 600, 605

(5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005).  Consequently, the Court finds that Eubanks' motions to vacate pursuant to 28 U.S.C. § 2255 should be denied.  It is therefore,

ORDERED AND ADJUDGED that Eubanks' motion to vacate [31-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 22nd day of February, 2006.

                                         *Walter J. Gex III*
                                  UNITED STATES SENIOR DISTRICT JUDGE